UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBIN ARNOLD WILLIAMS *et al.*,<br><br>        Defendants. | Case No. C07-5540RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 2, 2007** |

      This proposed action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  From the pleadings it is not possible to tell if Mr. Ayers is attempting to file a Habeas Corpus Petition challenging his current confinement or a Civil Rights Action.  The proposed complaint or petition is almost 160 pages of attachments, pleadings, mental health evaluations, and other papers.  The court did not find a clear request for relief in the pleadings (Dkt. # 1, proposed complaint or petition).   Plaintiff has applied for *in forma pauperis* status (Dkt. # 1).

      The court is aware that Mr. Ayers recently settled a case, Ayers v Richards, 06-CV-

REPORT AND RECOMMENDATION- 1

1  5264RBL/KLS. The proposed settlement was entered in August of 2007, prior to Mr. Ayers motion
2  to proceed in this case. The terms of the settlement give Mr. Ayers $12,000. A motion for
3  disbursement of the funds was filed October 1, 2007 and is noted to be heard on October 19, 2007.

4      The district court may permit indigent litigants to proceed *in forma pauperis* upon completion
5  of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion
6  in denying an application to proceed in forma pauperis. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir.
7  1963), *cert. denied*, 375 U.S. 845 (1963).

8      Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*.
9  Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit. The court
10 should direct Mr. Ayers to pay the filing within 30 days of the court's order and if he fails to pay the filing
   fee the clerk should be directed to dismiss this matter.

11     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
12 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.
13 Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.
14 <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the
15 clerk is directed to set the matter for consideration on **November 2, 2007,** as noted in the caption.

17     DATED this 5 day of October, 2007.

19                                                             /S/ *J. Kelley Arnold*
                                                               J. Kelley Arnold
                                                               United States Magistrate Judge

26 REPORT AND RECOMMENDATION- 2