UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

  v.

ROBIN ARNOLD WILLIAMS *et al.*,

        Defendants.

Case No. C07-5540RBL

ORDER FOR THE CLERK'S OFFICE TO ENTER THE FILING FEE IN THIS CASE AND FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT THAT RAISES ONLY HIS CIVIL RIGHTS CLAIMS

        This action was originally filed using the first two pages of a 42 U.S.C. § 1983 form intended for prisoner use (Dkt # 1). Plaintiff is not a prisoner in the normal use of that term and is civilly committed at the Special Offender Center located on Mc Neil Island. When plaintiff sought to proceed *in forma pauperis* the court was aware he had recently settled an action. The court entered a Report and Recommendation to deny *in forma pauperis* status (Dkt # 3). While that Report and Recommendation was pending plaintiff filed a number of improper pleadings treating this action as a habeas corpus petition (Dkt # 6, 7, 8, and 10)

ORDER
Page - 1

On November 2, 2007, the district court adopted the Report and Recommendation and denied plaintiff in forma pauperis status (Dkt # 11). That order gave plaintiff until December 3, 2007, to pay the filing fee in this case.

Rather than submitting a single Check for this filing fee, plaintiff first moved to have the filing fee deducted from his court settlement in another case. The court declined to perform this function for him. Plaintiff then submitted a $705 Dollar money order with no instructions as to how the money was to be applied. His actions have cause delay in the payment of the filing fee in this case.

Plaintiff continued to file motions and papers in this action treating the action as if it were a Habeas Corpus petition and not a civil rights action. (Dkt # 13, 14, 15, and 16). On November 27, 2007, the court stayed this action (Dkt # 17).

In disregard of the stay order plaintiff continued to file documents and motions regarding Habeas Corpus (Dkt # 18). Plaintiff's disregard for the rules of this court and his continuing to file motions and papers prior to addressing his the filing fee issue requires the court to unravel plaintiff's filings and attempt to place this litigation on a proper track.

This action was filed as a civil rights action and will remain a civil rights action. **The clerk is directed to accept $350 Dollars of the $705 Dollar money order as payment for the filing fee in this case**. At the request of the petitioner another $350 Dollars will be the filing fee in another case filed by Mr. Ayers, (07-CV-5520RJB), assigned to Judge Strombom. That leaves $5 Dollars for Mr. Ayers to file a habeas petition. The court has considered Mr. Ayers numerous filings in this action. One of the documents, (Dkt. # 14), is an attempt to file a stand alone Habeas Corpus Petition. This pleading is titled Proposed Habeas Corpus petition. **The Court orders Mr. Ayers to inform the court if he wants this filing, (Dkt. #14), removed from this action and filed as a separate Habeas Corpus Filing with the five Dollar fee he has sent to court. Petitioner has ten Days from entry of this order to inform the court of his intent.** No motions, addendums, or other filings will be transferred to another file.

The court now considers the proposed civil rights complaint in this action (Dkt. # 1, proposed complaint and exhibits). Plaintiff's proposed complaint itself is seven pages long. The document lists the twenty named defendants. There are no operative facts listed, no request for relief, and no showing of proper jurisdiction. Attached to the complaint are 143 pages of "exhibits." Some of the exhibits are hand

ORDER
Page - 2

written pages of legal argument or briefing, some are typed pages, and some are newspaper clippings. Included in the exhibits are reports or documents from the Special Commitment Center concerning Mr. Ayers (Dkt. # 1).

Federal Rule of Civil Procedure 8 (a) outlines what must be in a claim for relief. A complaint is a claim for relief. The document must contain:

(1)  A short and plain statement of the grounds upon which the court's jurisdiction depends.

(2)  A short and plain statement of the claim showing that the pleader is entitled to relief.

(3)  A demand for judgment for the relief pleader seeks.

See, Fed. R. Civ. P. 8 (a).

Plaintiff's proposed civil rights complaint does no more than identify twenty people. The pleading is not a complaint. The exhibits attached are convoluted and leave the court in the position of guessing what claims plaintiff is trying to bring against which defendants. While the court liberally interprets a pro se's pleadings, the court should not be placed in the position of guessing what plaintiff is trying to do.

**The court now orders Mr. Ayers to file an amended complaint. This document will act as a complete substitute for the complaint in this action. For each named defendant plaintiff will include a section identifying the defendant and how the defendant has acted or failed to act. Plaintiff will also include a prayer for relief and a jurisdictional section. To aid Mr. Ayers the clerk is directed to send Mr. Ayers a 1983 civil rights complaint for prisoners. Mr. Ayers may insert that he is a civil detainee and not a prisoner and use this form is he wishes to do so.**

From earlier filings it appears Mr. Ayers may be trying to claim damages for the time he has spent at the Special Commitment Center. When a person is challenging the very fact or duration of his physical confinement, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

**The Stay entered in this case, (Dkt. # 17),  is now lifted**.  Plaintiff is cautioned that his filing of documents in a stayed action was improper.  Further improper conduct may result in sanctions including monetary sanctions, dismissal of actions, or other orders as allowed in the Fed. R. Civ. P.

The Clerk is directed to send plaintiff a copy of this to plaintiff.

DATED this 18 day of December, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge