UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

   v.

ROBIN ARNOLD WILLIAMS *et al.*,

        Defendants.

Case No.  C07-5540RBL

ORDER TO FILE A SECOND
AMENDED COMPLAINT

     This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed a motion to proceed *in forma pauperis.*  The court was aware of a settlement where the plaintiff received $12, 000 Dollars (Dkt. # 4).  A Report and Recommendation to deny *in forma pauperis* status was filed (Dkt # 3).  That Report and Recommendation was adopted and plaintiff was given until December 3, 2007, to pay the filing fee.  The filing fee was eventually paid.

     On December 18, 2007, the court entered an order for plaintiff to file an amended complaint (Dkt # 20).  The original complaint in this action violated Fed. R. Civ. P. 8 (a).  The court gave Mr. Ayers specific guidance as to what the new complaint should contain and the court stated as follows:

> The court now considers the proposed civil rights complaint in this action (Dkt. # 1, proposed complaint and exhibits).  Plaintiff's proposed complaint itself is seven pages long.  The document lists the twenty named defendants.  There are no operative facts listed, no

ORDER
Page - 1

request for relief, and no showing of proper jurisdiction. Attached to the complaint are 143 pages of "exhibits." Some of the exhibits are hand written pages of legal argument or briefing, some are typed pages, and some are newspaper clippings. Included in the exhibits are reports or documents from the Special Commitment Center concerning Mr. Ayers (Dkt. # 1).

Federal Rule of Civil Procedure 8 (a) outlines what must be in a claim for relief. A complaint is a claim for relief. The document must contain:

(1) A short and plain statement of the grounds upon which the court's jurisdiction depends.
(2) A short and plain statement of the claim showing that the pleader is entitled to relief.
(3) A demand for judgment for the relief pleader seeks.

See, Fed. R. Civ. P. 8 (a).

Plaintiff's proposed civil rights complaint does no more than identify twenty people. The pleading is not a complaint. The exhibits attached are convoluted and leave the court in the position of guessing what claims plaintiff is trying to bring against which defendants. While the court liberally interprets a pro se's pleadings, the court should not be placed in the position of guessing what plaintiff is trying to do.

**The court now orders Mr. Ayers to file an amended complaint. This document will act as a complete substitute for the complaint in this action. For each named defendant plaintiff will include a section identifying the defendant and how the defendant has acted or failed to act. Plaintiff will also include a prayer for relief and a jurisdictional section. To aid Mr. Ayers the clerk is directed to send Mr. Ayers a 1983 civil rights complaint for prisoners. Mr. Ayers may insert that he is a civil detainee and not a prisoner and use this form is he wishes to do so.**

From earlier filings it appears Mr. Ayers may be trying to claim damages for the time he has spent at the Special Commitment Center. When a person is challenging the very fact or duration of his physical confinement, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

(Dkt. # 20)(emphasis in original).

Mr. Ayers asked for an extension of time to file an amended complaint on January 2, 2008 (Dkt #

22). His motion was denied (Dkt # 23).

On January 7, 2008, an amended complaint was filed (Dkt # 24). This document contains the same defects as the original complaint. The first seven pages do nothing more than list twenty defendants. The remaining 153 pages are a compilation of pleadings from other cases, witness statements, and rambling argument (Dkt # 24). Some of the 153 pages continue to raise Habeas Corpus issues and argue plaintiff is being improperly held (Dkt. # 24 Exhibit pages 1 to 11). Other filings contain argument that the in California a similar program is now under a consent decree and that the Washington system suffers from the same defects. Plaintiff files a motion for release, but, it is not clear if plaintiff is attempting to bring that motion as a motion in this case, or is merely attaching argument from another case. The court has no clear statement as to its jurisdiction. The complaint contains no short plain statement of the claim, and no clear statement as to what relief plaintiff is seeking.

The court now **ORDERS** Mr. Ayers to file a second amended complaint. This document will be titled "SECOND AMENDED COMPLAINT." The document will not contain any attachments, pleadings from other cases, newspaper articles, or statements from non parties. This document will act as a complete substitute for the amended complaint. Plaintiff is warned that if this pleading does not comply with Fed. R. Civ. P. 8 (a) the court will recommend dismissal of this action. The second amended complaint will be due **March 14, 2008.**

Mr. Ayers has also filed a 92 page pleading regarding his failure to file a habeas petition. (Dkt # 25). This case is a civil rights action. Pleadings regarding habeas corpus have no place in this file. This filing will not be considered by the court.

The Clerk is directed to send plaintiff a copy of this order and note the **March 14, 2008,** due date on the court's calendar.

DATED this 31 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge