UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

  v.

ROBIN ARNOLD WILLIAMS *et al.,*

        Defendants.

Case No. C07-5540RBL/JKA

ORDER TO RETURN IMPROPER PLEADINGS AND TO REJECT AND RETURN ANY FUTURE SUCH PLEADINGS

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). On February 15, 2008, the court entered an order returning pleadings to Mr. Ayers because they had no **Federal** Cause Number and the court could not determine the case where Mr. Ayers was attempting to file the pleadings. Plaintiff mailed his pleadings to the United States District Court for the Western District of Washington, a Federal Court. The documents contained cause numbers for the State Superior Court system and the Washington State Court of Appeals.

    The February 15 order was entered in this case as it was the only active cause number where Mr. Ayers was the plaintiff. Mr. Ayers has resubmitted the documents and provided some explanation. Mr. Ayers states he is trying to file a "stand alone" motion for a new trial under "RAP 59 subdivision (b)." The pleadings again contain only state court cause numbers. Plaintiff uses the term "RAP." Plaintiff cannot be meaning the Federal Rules of Appellate Procedure "F. R. A. P." Under those rules there is no rule number

ORDER
Page - 1

59.

In Federal Rule of Civil Procedure "Fed. R. Civ. P." there is a rule 59. This rule allows for a new trial under certain circumstances. Under one of the conditions, the first trial would have had to have been a federal civil trial so there would be a cause number and case before the court. Here, Plaintiff is seeking a new civil commitment trial following state court proceedings.

Plaintiff also cites to Federal Rule of Civil Procedure 60 (b) which allows a court to set aside or relieve a judgement under certain circumstances. This relief can only follow from a federal civil trial, not a state court matter.

Mr. Ayers is challenging the propriety of his state civil commitment proceedings. The court has repeatedly informed him that he must bring a challenge of this nature as a habeas corpus petition.

This action has been fraught with improper filings and attempts to convert a civil rights action into a Habeas Corpus action. The court warns Mr. Ayers that future improper filings may result in sanctions including monetary sanctions, dismissal of actions with prejudice, return of pleadings, and possibly a bar order on future filings.

The court now ORDERS:

1. The clerk of court will return the pleadings from Mr. Ayers that were received February 25, 2008. These pleadings are returned as there is no federal cause number the court can file the pleadings under. The court notes Mr. Ayers does not indicate he is attempting to open or file a new action.

2. Mr. Ayers is ordered to cease filing documents in Federal Court unless he clearly places a Federal cause number for that court on the pleadings. Mr. Ayers must identify what action he is attempting to file a motion or pleading in on the first page of the filing. Further, if Mr. Ayers is attempting to open a new action which would not have a cause number yet, he should clearly state that is his intention on the first page of the filing.

3. The clerk's office is directed to return to Mr. Ayers the February 25 filings and any future filings that do not comply with this order. The documents may be returned without filing the document. If the clerk's office wishes to do so, they may make a copy of the filing that is returned.

The Clerk is directed to send plaintiffs a copy of this order and return his pleadings to him unfiled

DATED this 11 day of March 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge