UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

    Plaintiff,

  v.

ROBIN ARNOLD WILLIAMS *et al.*,

    Defendants.

Case No. C07-5540RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
April 18, 2008**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Before the court are three filings.  The filings are a deficient second amended complaint, plaintiff's motion for a preliminary injunction, and a motion to set aside a judgment in a state civil commitment proceeding.  Plaintiff asks he be immediately set free from confinement (Dkt # 34, 35, and 37).

PROCEDURAL FACTS

    Plaintiff filed an incomplete motion to proceed *in forma pauperis* (Dkt # 1).  There was also a proposed complaint that began on a standard prisoner civil rights form.  The first seven pages of the

REPORT AND RECOMMENDATION- 1

complaint listed who the defendants were, but, provided no operative facts. Further, there was no statement of the relief plaintiff sought (Dkt. # 1). Attached to those seven pages where one hundred and fifty three pages of documents, briefing, and argument. The filing was a violation of Fed. R. Civ. P. 8. Review of the pleadings convinced the court that Mr. Ayers was attempting to seek habeas relief, release from civil commitment confinement, as well as monetary damages (Dkt # 1). Mr. Ayers later clarified that in fact he was seeking release from confinement and monetary damages (Dkt. # 8).

The court entered a Report and Recommendation to deny *in forma pauperis* status as Mr. Ayers had funds (Dkt. # 3). Eventually Mr. Ayers paid the filing fee. After the issue of the filing fee had been addressed, on December 18, 2007, the court entered an order that plaintiff file an amended complaint (Dkt # 20). The order informed Mr. Ayers this action was a civil rights action and that he could not challenge the propriety of his current confinement in a civil rights action (Dkt. # 20). Prior to entry of that order Mr. Ayers had been filing numerous pleadings in this action. He was proceeding as if the action was a habeas petition. The filings were disjointed pleadings that were convoluted an unorganized (Dkt # 6, 7, 10, 14, 15, 16, 18, and 19).

On January 7, 2008, Mr. Ayers filed his first amended complaint (Dkt # 24). The first seven pages appear to be a civil rights action, however, the plaintiff also filed more than one hundred and fifty pages of briefing. The briefing violated Fed. R. Civ. P. 8 (a). Further, in violation of the courts order, (Dkt # 20), plaintiff was again treating the action as a habeas petition (Dkt. # 24).

On January 31, 2008, a second order to amend was filed (Dkt. # 30) Plaintiff was warned that if his second amended complaint did not comply with Fed. R. Civ. P. 8 (a) the court would recommend dismissal of the action (Dkt. # 30). The court again informed Mr. Ayers he could not challenge his current confinement in a civil rights action. The order gave Mr. Ayers until March 14, 2008, to file an acceptable complaint.

On March 14, 2008, a thirty-page complaint was filed (Dkt. # 35). The majority, but not all of the complaint, continues to challenge the legality or propriety of Mr. Ayers current confinement and civil commitment. In addition he raises claims regarding use of force, access to legal material, copying, and conditions of confinement. There are eighteen named defendants. In addition to other

REPORT AND RECOMMENDATION- 2

defendants he names the Superior Court Judge from his civil commitment trial, and the Assistant Attorneys General who participated in the trial as defendants (Dkt # 35). In addition to seeking monetary damages, Mr. Ayers asks the court to "vacate my conviction and dismiss the criminal charges against me without a new trial" (Dkt # 35, final page).

## DISCUSSION

A. <u>The second amended complaint</u>.

28 U.S.C. § 1915 (e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>     (A)    the allegation of poverty is untrue; or
>
>     (B)    the action or appeal-
>
>         (i)    is frivolous or malicious;
>
>         (ii)    fails to state a claim for which relief may be granted; or
>
>         (iii)    seeks monetary relief from a defendant who is immune from such relief.

The Superior Court Judge and the Assistant Attorney Generals named as defendants in this action are immune from monetary damages. Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. <u>Ashelman</u> v. <u>Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986); <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-57 (1973). As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. <u>Ashelman</u>, 793 F.2d at 1078.

The Assistant Attorneys General who are named were acting as prosecutors. A prosecuting attorney who initiates and prosecutes an action is immune from a civil suit for money damages under 42 U.S.C. S 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the process. <u>Id</u>. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest

REPORT AND RECOMMENDATION- 3

will pierce a prosecutor's absolute immunity. Id. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

Further, plaintiff has twice been informed he may not challenge the propriety of his current incarceration in a civil rights action. His claims in this regard fail to state a claim. The claims are inchoate. This court has repeated informed plaintiff, "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The Supreme court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

The majority of Mr. Ayers complaint should be dismissed pursuant to 28 U.S.C. § 1915 (e)(2) for failure to state a claim and because the named defendants are immune from suit.

The complaint filed by Mr. Ayers also violates two prior court orders (Dkt. # 20 and 30). The court recommends that this action be **DISMISSED WITHOUT PREJUDICE.** The court is aware that the second amended complaint raises claims regarding use of force, conditions of confinement, and other issues, which, if separated and properly pled, could state a viable cause of action. Plaintiff has been given multiple opportunities to file a proper complaint. He has failed to follow the court's directions and continues to attempt to bring habeas relief into a civil rights action. At this point in the proceedings the court has no indication that another attempt at amendment would be of any use. This action was first filed in September of 2007. The court has repeatedly informed the plaintiff of the deficiencies in his pleadings.

Plaintiff has submitted 18 copies of his second amended complaint for service. As he is not proceeding *in forma pauperis*, the court does not perform service. Thus, no defendant has been served in this action.

REPORT AND RECOMMENDATION- 4

B.     Preliminary injunction.

The next issue is plaintiff's motion for a preliminary injunction (Dkt. # 34).  Plaintiff submits 57 pages of motion, exhibits, and argument.  Plaintiff claims he has been allowed to eat his meals in the unit for four and one half years and he will suffer physically and emotionally if he is forced to eat in the dining area (Dkt # 34).  The issue is two fold.  First, he claims he cannot eat quickly and the stress of being under surveillance is upsetting.  He also claims there are other residents who may harm him if he begins taking his meals in the dining hall.  The issue of meals is not part of the second amended complaint (Dkt # 35).

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff's motion should be denied without reaching the merits for a number of reasons.  Plaintiff has failed to serve any defendant.  The court does not have *in personam* jurisdiction over anyone except the plaintiff.  Thus, there is no entity currently before the court against whom an injunction could be entered.  Further, Plaintiffs motion is in violation of Local Rule 7 because it was not served on the opposing party.  These procedural issues would need to be addressed prior to the court considering the motion on the merits.  The current motion should be **DENIED WITHOUT PREJUDICE**.

C.     Motion to set aside judgment.

Fed. R. Civ. P. 60 provides a mechanism for a court to set aside a judgment it has entered in a case under certain circumstances Those circumstances have been explained to Mr. Ayers (Dkt # 33). Mr. Ayers

REPORT AND RECOMMENDATION- 5

has repeatedly tried to use this action to ask this court to set aside judgments made by a state court in a civil commitment proceeding. Mr. Ayers now formally brings a rule 60 motion in this case. This motion is further evidence of Mr. Ayers refusal to abide by court orders and his insistence that he be allowed to commingle a habeas corpus action with a civil rights action. The court has no subject matter jurisdiction, in a civil rights action to set aside a judgment that commits a person to state custody. Mr. Ayers must address this issue in habeas corpus. The motion should be **DENIED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 18, 2008,** as noted in the caption.

DATED this 21 day of March, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6